

FILED
SEP 15 2010
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

***POSTED ON WEBSITE***
***NOT FOR PUBLICATION***

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>KENNETH WILLIAM WORLEY,<br><br>Debtor(s). | Case No. 10-25365-E-13<br>Docket Control No. MOH-2 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**

The court issues this Memorandum Opinion and Decision determining the Objection filed by Kenneth W. Worley ("Debtor") to Proof of Claim No. 1 filed by Wells Fargo Bank, N.A., as Trustee for Ownit Mortgage Loan Trust, Mortgage Loan Asset Backed Certificates, Series 2006-2 ("Wells Fargo Bank"). This Decision constitutes the Findings of Fact and Conclusions of Law upon which the order determining the objection is based.

The Debtor withdrew his objection to all of Proof of Claim No. 1, except to the extent that the proof of claim seeks recovery of attorneys' fees, costs, and expenses beyond the principal and interest obligation owing by the Debtor. Debtor's Response filed on August 19, 2010, Docket Entry No. 49.

11 U.S.C. §502(a) provides that a claim supported by a Proof

of Claim is allowed unless a party in interest objects. Once an objection has been filed, the court may determine the amount of the claim after a noticed hearing. 11 U.S.C. §502(b). Once the objecting party overcomes the *prima facie* effect given a proof of claim, the ultimate burden generally remains on the creditor to establish the validity of the claim by a preponderance of the evidence. Collier on Bankruptcy, Sixteenth Edition, §502.02[3][f].

**Claim for Attorneys' Fees, Costs and Expenses by Wells Fargo Bank.**

Proof of Claim No. 1 filed by Wells Fargo Bank in this case consists of 22 pages. On Exhibit "A" to that proof of claim, Wells Fargo Bank states that its claim includes:

| | |
|---|---|
| Attorneys' Fees and Costs | $4,568.43 |
| Inspection Fees | $ 30.50 |
| Appraisal Fees | $ 190.00 |

No further description or additional information as to these attorneys' fees, costs, and expenses is provided in Proof of Claim No. 1.

The Objection to Proof of Claim No. 1 was set for an evidentiary hearing. The Debtor submitted the declaration of Michael O. Hays, Debtor's counsel, objecting to the reasonableness of the fees and costs sought by Wells Fargo Bank through this proof of claim. Though counsel for party is rarely a percipient witness, in this case his declaration provides an analysis of the total attorneys' fees and costs claimed by Wells Fargo Bank. This declaration does not purport to provide a legal conclusion as to what is reasonable, but provides a review of what has been claimed.

Mr. Hays' analysis is of Exhibit "D" filed by Wells Fargo Bank in support of its claim the attorneys' fees, costs, and expenses as

part of Proof of Claim No. 1. A review of Exhibit "D" discloses that Wells Fargo Bank is asserting the right to recover $8,003.75 in attorneys' fees, costs, and expenses from this Debtor. The $4,568.43 amount is included in Proof of Claim No. 1 because Wells Fargo Bank has allocated $3,435.32 in prior payments by the Debtor to these fees, costs and expenses. It is correct to state that Wells Fargo Bank is seeking to recover $8,003.75 in attorneys' fees, costs, and expenses relating to this loan.

To support the contention that Wells Fargo Bank is entitled to $8,003.75 in attorneys' fees, costs, and expenses, the following evidence has been provided:

1.  Declaration of Nancy Rexford, Litton Loan Servicing, LP employee, as the Servicing Agent for Wells Fargo Bank on this loan.
2.  Proof of Claim No. 1 filed by Wells Fargo Bank, Exhibit "A."
3.  Itemization of fees and costs, Exhibit "D."
4.  September 19, 2008, Repayment Plan Agreement, Exhibit "E."
    a. This Agreement provides the past due amount includes $1,207.90 for "Servicer Advances," which "may include attorney fees and costs, property preservation expenses, inspections, and other expenses."
5.  November 25, 2008, Repayment Plan Agreement, Exhibit "F."
    a. This Agreement provides the past due amount includes $400.00 for "Servicer Advances," which "may include attorney fees and costs, property preservation expenses, inspections, and other expenses."
6.  February 24, 2009, Repayment Plan Agreement, Exhibit "G."
    a. This Agreement provides the past due amount includes $1,507.58 for "Servicer Advances," which "may include attorney fees and costs, property

> preservation expenses, inspections, and other expenses."

The testimony of Ms. Rexford is that the Debtor commenced making payment under each of the Repayment Plan Agreements, then went into default thereon. She further testified that these additional amounts were corporate advances to cover the identified expenses.

The first potential issue presented to the court is whether Wells Fargo Bank or Litton Loan Servicer, as the loan servicer, is entitled to any or all of the asserted costs and expenses. Neither party has addressed this issue or directed the court to provisions in the Note and Trust Deed upon which such an objection could be made or right to fees shown. Because no dispute has been raised to Wells Fargo Bank having the right to recover such fees, the court will move to the objection stated by the Debtor - the amounts are unreasonable.

The court's analysis begins with Exhibit "D" filed by Wells Fargo Bank, the Itemization of attorneys' fees, costs, and expenses. While Exhibit "D" is referenced in Ms. Rexford's declaration, the court cannot identify who prepared the itemization, when it was prepared, and the source documents used to create Exhibit "D." This Exhibit virtually arises out of the mist and is relied upon by both parties for their arguments. No objection having been made to this Exhibit, the court will consider it, giving appropriate weight to the information contained therein.

The various fees, costs, and expenses which Wells Fargo Bank seeks to include in its proof of claim are broken down into the following main categories:

| | | |
|---|---|---|
| A. | Inspection Fee | $ 152.50 |
| B. | BPO | $ 505.00 |
| C. | Attorney Fees and Costs | $2,700.00 |
| D. | Statutory Mailings | $ 248.60 |
| E. | Title Costs | $1,680.00 |
| F. | Recording Costs | $ 125.00 |
| G. | Publication | $2,535.27 |
| H. | Posting Notice of Sale | $ 120.00 |
| | Total | $8,066.37 |

The challenge facing the court in determining which and what of these costs is reasonable is that little evidence has been offered as to what costs were incurred, who was paid, the actual services rendered, and why they were necessary.

For the attorneys' fees, there is a reference to "$550.00 Attorney Fees - MFR" for October 20, 2009. In searching the court's files, there is a Chapter 7 bankruptcy case filed by Kenneth William Worley and Lisa Katharine Worley, Case No. 09-34424. In that case Wells Fargo Bank filed a motion for relief from the automatic stay for the trust deed secured by the same real property in which it asserts a security interest in this case. The order granting relief from the automatic stay for Wells Fargo Bank affirmatively states, "All requests for attorney fees or other costs are **denied with prejudice**." Order granting relief from the automatic stay, Case No. 09-34424, Docket Control no. KAT-1, Docket Entry No. 16. The order granting relief was entered on September 18, 2009, which is consistent with the October 20, 2009 expenses. There are also periodic $450.00 attorneys' fees amounts, without any explanation as to what legal services were

provided or the purpose.

No explanation is provided in any testimony as to the publication costs. It was advanced in oral argument that these relate to notices of default and notices of sale, but there is no testimony. Based on Exhibit "D," Wells Fargo asserts that it paid the $2,535.27 in publication costs on November 25, 2009. At oral argument this was explained as not really being incurred at that time, but when those costs were recorded. But the court cannot identify who was paid, what was paid, when it was paid, and the actual purpose of the payment.

The same is true for the various inspection fees, statutory mailings, and title costs. Amounts appear on Exhibit "D" and Wells Fargo asserts the right to be paid.

The court recognizes that Wells Fargo has incurred some costs and expenses relating to this loan going into default, the Debtor entering into Loan Repayment Agreements, the Debtor defaulting on the Loan Repayment Agreements, and Wells Fargo (or its Servicing Agent) having to address the defaulted loan. However, Wells Fargo has not established by a preponderance of the evidence what is entitled to beyond what the Debtor has already paid.

Therefore, the court determines that of the attorneys' fees, costs and expenses totaling $8,066.37 sought by Wells Fargo Bank, the reasonable amount it was and is entitled to recover is $3,115.48, the amount identified in the Loan Repayment Agreements executed by the Debtor and knowingly paid by the Debtor. The objection of the Debtor is sustained to the balance of the attorneys' fees, costs, and expenses sought by Wells Fargo Bank in Proof of Claim No. 1. To the extent that there are additional

amounts shown as "Recovery" on Exhibit "D," Wells Fargo shall retain such amounts as having been applied to costs, expenses, and other additional amounts due by the Debtor beyond what has been requested in Proof of Claim No. 1.

The court shall issue an order sustaining the Debtor's objection as to the attorneys' fees, costs, and expenses in excess of $3,115.48 and overruling the balance of the objection.

Dated: September 15, 2010

RONALD H. SARGIS, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Michael Hays
676 E 1st Ave #5
Chico, CA 95926

Rami Haddad
1770 4th Ave
San Diego, CA 92101

Kenneth Worley
33 Hart Dr
Oroville, CA 95966

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814